# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-914 consolidated with 12-909, 12-910, 12-911, 12-912, 12-913, 12-915, 12-916, 12-917, 12-918, 12-919, 12-920, 12-921, 12-922, 12-923, 12-924, 12-925, 12-926, and 12-927

**REBEL DISTRIBUTORS CORP., INC. d/b/a PHYSICIAN PARTNER AND PHARMACY PARTNER (BARBARA LAYNE)**

**VERSUS**

**LUBA WORKERS' COMP. ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 04
PARISH OF LAFAYETTE, NO. 09-00162
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JIMMIE C. PETERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.**

**THIBODEAUX, Chief Judge, dissents in part and assigns written reasons, with the exceptions of No. 12-923 and No. 12-924.**

Harry K. Burdette
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rebel Distributors Corporation, Inc. d/b/a
    Physician Partner and Pharmacy Partner

**W. Michael Adams**
**Stacey D. Williams**
**Blanchard, Walker, O'Quinn & Roberts**
**P. O. Drawer 1126**
**Shreveport, LA 71163-1126**
**(318) 221-6858**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Rebel Distributors Corporation, Inc. d/b/a**
    **Physician Partner and Pharmacy Partner**

**Jeffrey C. Napolitano**
**Juge, Napolitano, Guilbeau, Ruli & Frieman**
**3320 West Esplanade Avenue North**
**Metairie, LA 70002**
**(504) 831-7270**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **LUBA Casualty Insurance Company**
    **Camelot of Broussard**

**PETERS, J.**

For the reasons assigned in *Rebel Distributors, Inc. v. LUBA Workers' Compensation*, 12-909 (La.App. 3 Cir. __/__/14), __ So.3d __, we affirm the judgment of the workers' compensation judge in all respects. We assess costs of this appeal equally between the plaintiff, Rebel Distributors Corp., Inc. d/b/a Physician Partner and Pharmacy Partner, and the defendants, LUBA Casualty Insurance Company and Camelot of Broussard.

**AFFIRMED.**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**


**12-909 consolidated with 12-910, 12-911, 12-912, 12-913, 12-914, 12-915,**
**12-916, 12-917, 12-918, 12-919, 12-920, 12-921, 12-922,**
**12-925, 12-926, and 12-927**

**REBEL DISTRIBUTORS CORP., INC. d/b/a PHYSICIAN PARTNER AND PHARMACY PARTNER (MARY DOUCET)**

**VERSUS**

**LUBA WORKERS' COMP., ET AL.**


**THIBODEAUX, Chief Judge, dissenting in part.**


The majority affirms the judgment of the Office of Workers' Compensation limiting the payment of the outstanding pharmacy bill to $750.00 pursuant to La.R.S. 23:1142. In my view, that is erroneous.

Louisiana Revised Statutes 23:1142(B)(1) and (B)(2)(a) repeatedly refer to "diagnostic testing" and "treatment." It does not, as the majority opinion concedes, include prescription medication as part of nonemergency diagnostic testing or treatment. The diagnostic testing and treatment are the only matters that are subject to the $750.00 cap, not medication.

The more specific provisions of Part II of Chapter 10 entitled "Benefits" should properly apply. Louisiana Revised Statutes 23:1203(A)(B)(D) and (E) all specifically refer to "drugs," "supplies," or "services." The majority, in my view, is interpreting La.R.S. 23:1203 much too restrictively and focuses undue attention on references to "employer" and "employee."

For the foregoing reasons, I respectfully dissent in part.